**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 18-2808, 18-2818

_____

STEVEN M. STADLER

v.

GLENN ABRAMS, JR.; JOHN A. DEVLIN; K-9 OFFICER CLANCY, (ANIMAL);
ATLANTIC CITY POLICE DEPARTMENT; WILIAM MOORE; DR. ERIC WOLK;
ATLANTICARE REGIONAL MEDICAL CENTER; CITY OF ATLANTIC CITY

JOHN A. DEVLIN,
Appellant in 18-2808

CITY OF ATLANTIC CITY,
Appellant in 18-2818

_____

On Appeal from the United States District Court
for the District of New Jersey
(District Court No. 1-13-cv-02741)
District Judge: Honorable Robert B. Kugler

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 20, 2019

_____

Before: McKEE, SHWARTZ, FUENTES, *Circuit Judges*.

(Opinion filed: November 18, 2019)

_____

OPINION[*]

_____

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

McKEE, *Circuit Judge*.

Appellants/Defendants Atlantic City and John Devlin challenge the conclusions of Plaintiff's/Appellee's expert witness, the district court's decision not to bifurcate individual and municipal liability issues, and the attorneys' fees awarded under 42 U.S.C. § 1988. For the reasons that follow, we will affirm.

Defendants claim the district court committed legal error in admitting the expert testimony of Vanness Bogardus and that this violated Federal Rule of Evidence 702. They claim that this legal error is subject to plenary review. The district court made no error. The Rule 104 hearing established defense counsel were not objecting to Bogardus' qualifications.[1] Rather, they challenged whether Bogardus was applying the correct benchmark for judging use of force.[2] We therefore review for an abuse of discretion, and there was none.

Defendants' remaining arguments also lack merit. The district court was well aware of the risk of prejudice to the defendant officers because of the joint trial. The court appropriately offered to admonish the jury against imputing the distressingly large body of evidence of neglectful police oversight against the individual officers whenever counsel wished and also did so *sua sponte*.

Defendants argue that the heavily one-sided liability assessed against the City versus Officer Devlin ($300,000 vs. $500) demonstrates that the failure to bifurcate

---

[1] 2 Supp. App. 19-28.
[2] *Id.* at 24.

2

prejudiced the jury against the officers. However, as the district court itself noted, had the jury been unable to cabin the *Monell*[3] evidence, it is unlikely to have found only one officer liable. Further, the City's ill-tempered complaint that "[t]he Third Circuit appears to have adopted a de facto rule of never bifurcating *Monell* claims, at least insofar as Atlantic City as a Defendant is concerned,"[4] misses the point of whether there has been any legal error by the district court in *this* case. The district court correctly realized that bifurcation here would have served no purpose because of the intertwining nature of the evidence of individual and municipal liability. This is frequently the case in claims of *Monell* liability where individual officers are sued for their individual conduct and a municipality's policy on that use of force becomes relevant. Moreover, the fact that the jury concluded that defendants William Moore and Glenn Abrams were not liable illustrates that it was able to follow the district court's frequent instructions and properly compartmentalize the evidence admitted against a given defendant and the City.

Finally, we find no merit in Defendants' contention that the district court's § 1988 fee award was erroneous. The court explained the basis for its fee award in a thorough and careful opinion and we will affirm that award substantially for the reasons set forth by the district court.[5]

For the reasons set forth above, we will affirm the judgment of the district court in this matter.

---

[3] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).
[4] Devlin Br. at 38.
[5] JA7-39.